IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,256-01






EX PARTE JUAN GARCIA PALOMO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 10840 IN THE 32ND DISTRICT COURT


FROM NOLAN COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. 
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
possession with intent to deliver cocaine and was sentenced to twenty years' imprisonment.

 Applicant alleges his trial counsel: misadvised him on the applicable punishment
range; failed to inform the court he was on medication that made him unable to understand
the legal proceeding, rendering his plea involuntary; and failed to adequately investigate the
case and enhancements before advising Applicant to plead guilty. He complains the
indictment's enhancement paragraphs misuse prior convictions, and he includes medical
records indicating he was taking several different drugs before and after the plea. These
records also indicate Applicant suffers from schizoaffective disorder.

 The plea papers, admonishments, and applicable waivers are not included in the writ
record provided to this Court. Also, there is no response from trial counsel regarding his
investigation and trial strategy, and there are no findings from the trial court.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App.
2000). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for
findings of fact. 

 The trial court shall obtain an affidavit from Applicant's trial counsel responding to
the claims and explaining his trial strategy and tactical decisions. In addition to obtaining this
affidavit, the trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, §
3(d) to resolve disputed issues of fact. In the appropriate case, the trial court may rely on its
personal recollection. Id. If the trial court elects to hold a hearing, it shall determine
whether applicant is indigent. If applicant is indigent and wishes to be represented by
counsel, the trial court shall appoint an attorney to represent applicant at the hearing. Tex.
Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of
Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact, shall be returned to this Court within 120 days of the date of
this order. Any extensions of time shall be obtained from this Court. 




Filed: March 21, 2012

Do not publish